Pearson, J.
 

 The only question was one of boundary. The grant under which the plaintiff claimed, it was agreed came around to Benjamin Spruill’s comer; their the call is,
 
 “
 
 west along Benjamin Spruill’s line, and
 
 Thomas
 
 Mackeys line,
 
 three hundi'ed poles,
 
 to Greenland Swamp,” along said Swamp, &c. Running on the line of Benjamin Spruill, the distance (three hundred poles) gives out before making Greenland Swamp. At that point, the line of Benjamin Spruill turns north (going right off from Greenland Swamp which lies to the south west) and at the distance of some four hundred poles further, comes within about twenty poles of the north eastern corner of a tract of land, which was at one time owned by one
 
 William
 
 Mackey, and then turns east. At the point aforesaid, at the end of the distance called for (three hundred poles) a straight line west some fifty poles, would strike the southeast comer of the tract of land which was at one time owned by William Mackey. But from the point aforesaid in the end of the distance, in order to strike Greenland Swamp, the course must be southwest. It was agreed, that if the line from the end of the distance was to follow Benjamin Spruill’s line north, until it approached William Mackey’s line within some twenty poles, and then crossed over to said Mackey’s line, and then followed that line to the south east comer, and then ran directly to Green
 
 *138
 
 land Swamp, the
 
 locus in quo
 
 would be included. But if at the end of the distance, the line ran directly to the Swamp, the
 
 locus in quo
 
 would not be included.
 

 His Honor instructed the jury, that if they were satisfied that a ■line of the tract of land which was at one time owned by William Mckey, was the line meant in the call of the grant under which the plaintiff claimed, to wit: “then with Benjamin Spruill’s line and
 
 Thomas
 
 Mackey’s line, three hundred poles, they were to run from that point (the end of the distance) to Wiliam Mackey’s line, and then to Greenland Swamp,” which would include the
 
 locus in quo.
 
 To this the defendant excepts. There is error.
 

 In questions of boundary, course and distance govern, unless there be some more certain description by which one or both maj' be controlled. In this case, a line from: the end of the distance to Greenland Swamp, would not include the
 
 locus in quo;
 
 and the question is, was there any more certain description by which to control the distance and extend the line to the tract of land once owned by William Mackey ? No line of
 
 Thomas
 
 Mackey could be found, and we are at a loss to conceive of any principle by which the line of
 
 William
 
 Makecy could be substituted, so as to extend the line of the grant beyond the distance called for. It was error to submit the question to the jury, because there was no evidence to support, such a conclusion.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo
 
 awarded.